```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Jared Mendonsa

    v.                                    Civil No. 13-cv-125-JL

Abercrombie & Fitch Stores, Inc.


**PROCEDURAL ORDER**

Plaintiff Jared Mendonsa filed this action in Rockingham County Superior Court, asserting state-law claims for wrongful termination, violation of the Whistleblowers' Protection Act, N.H. Rev. Stat. Ann. § 275-E:1 et seq., libel, and intentional interference with contract.  Defendant Abercrombie & Fitch Stores, Inc. ("A&F"), Mendonsa's former employer, removed the action to this court, invoking its diversity jurisdiction, see 28 U.S.C. § 1332(a)(1), because Mendonsa is a Massachusetts citizen and A&F is an Ohio corporation with its principal place of business in that state.

For this court to have jurisdiction under § 1332(a), though, it is not enough that the case involves diverse parties; the statute also requires that "the matter in controversy exceeds the sum or value of $75,000."  A&F, as the proponent of federal jurisdiction, bears the burden of demonstrating that this requirement has been met.  Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).  To do so, it must demonstrate a "reasonable probability" that more than $75,000 is

at stake. Bassi v. Krochina, 2012 DNH 079, 9; see also Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230 (D. Mass. 2010). While this standard is not demanding, and "is for all practical purposes identical to the preponderance standard," Mut. Real Estate Holdings, LLC v. Houston Cas. Co., No. 10-cv-236, 2010 WL 3608043, *3 (D.N.H. Sept. 13, 2010) (quoting Amoche, 556 F.3d at 50), A&F has not met it.

"A removal defendant can meet its burden by alleging sufficient facts in its notice of removal, relying on the face of the complaint in the underlying case, or, if the notice and complaint are insufficient, the defendant may submit 'summary-judgment-type' evidence." Id. at *4 (quoting Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220 (D.N.H. 2004)). Here, A&F has elected to rely solely on the complaint, pointing out in its Notice of Removal that Mendonsa seeks compensatory damages in excess of $25,000 related to his alleged wrongful termination, an additional $25,000-plus in compensatory damages for the alleged contractual interference, and attorney's fees and costs. These requests for relief, however, at best create a reasonable probability that Mendonsa will recover something more than $50,000, not that he will recover more than $75,000.

A&F is therefore ordered to file a memorandum, not to exceed seven (7) pages, **on or before April 5, 2013**, showing cause why

2

this case should not be remanded for lack of subject-matter jurisdiction. That memorandum may be accompanied by supporting evidentiary materials. Mendonsa may (but need not) file a response to A&F's submission, also no longer than seven (7) pages, within seven (7) days of A&F's filing. Failure to comply with this order will result in remand to Rockingham County Superior Court.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 26, 2013

cc: John T. Pendleton, Esq.
    Wilbur A. Glahn, III, Esq.
    Steven J. Dutton, Esq.